UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Paul Micheal Smith, | ) | C/A No. 2:24-03900-RMG-MHC |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Thomas Doub, Cody Hampton, K. Antal, K. Lawson, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed by Plaintiff Paul Micheal Smith, a pro se litigant. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## I. BACKGROUND

Plaintiff brings claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. ECF No. 1 at 3-4. On October 15, 2022, Plaintiff was allegedly assaulted during a traffic stop by Defendants Cody Hampton and Thomas Doub. These Defendants are officers of the Kernersville Police Department in Kernersville, North Carolina. Plaintiff asserts he sustained a torn right wrist ligament for which he claims he needs surgery. He contends that "[a]fter nearly being killed [he] was wrongfully thrown in jail with eight unlawful charges from their malicious act of prejudice!" *Id.* at 5.

Plaintiff alleges that all the charges were dismissed on October 3, 2023. ECF No. 1 at 5. He also names Kernersville Police Department officers K. Antal and K. Lawson as Defendants, although he does not appear to assert any claims against them. *See id.* at 1-5. Plaintiff requests an award of monetary damages. *Id.* at 6.

## II. DISCUSSION

A district court has the power to consider *sua sponte* whether venue is proper. *See Jensen v. Klayman*, 115 F. App'x 634, 635-36 (4th Cir. 2004). In general, venue is only proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Review of the Complaint reveals that the District of South Carolina does not satisfy any of the subsections of 28 U.S.C. § 1391(b) for venue to be proper in this district. It appears that Defendants are citizens of North Carolina. *See* ECF No. 1 at 2-3. The alleged events and/or omissions giving rise to Plaintiff's claims occurred in North Carolina. *Id.* at 4-5. Plaintiff also has not alleged any facts indicating a basis for the District Court of the District of South Carolina to obtain personal jurisdiction over any of the Defendants. *See ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 391 (4th Cir. 2012) (noting that the plaintiff has the burden to make the prima facie showing of a basis for personal jurisdiction over defendants). Therefore, Plaintiff has not met the venue requirements of § 1391(b).

A district court has the power to dismiss an action, or if it is in the interest of justice, transfer an action if venue is improper in the transferor court. *See* 28 U.S.C. § 1406(a). A court may also transfer a case to another district where it might be brought "[f]or the convenience of parties and witnesses, in the interests of justice[.]" 28 U.S.C. § 1404(a). In absence of venue, a court has authority *sua sponte* to transfer under 28 U.S.C. § 1404(a) or § 1406(a), or both. *See Jensen*, 115

F. App'x at 635-36; *see also In re Carefirst of Md., Inc.*, 305 F.3d 253, 255-56 (4th Cir. 2002). In the interests of justice, this case should be transferred to the appropriate federal district court where venue is proper. Indeed, because venue is improper by statute, Plaintiff's choice of venue is "almost immaterial" to the analysis, and under 28 U.S.C. § 1406(a), if Plaintiff desires to maintain his action, transfer is "virtually mandated." *Blevins v. Pension Plan*, No. 10-3261, 2011 WL 2670590, at *7 (D.S.C. July 8, 2011).

It appears this action could be brought in the Middle District of North Carolina, where Defendants are located; where the alleged acts giving rise to the case occurred; and where, presumably, records and other evidence relevant to this action are maintained. *See* 28 U.S.C. § 1391. Therefore, the appropriate venue in this case appears to be the United States District Court for the Middle District of North Carolina. The convenience of the parties and interests of justice are better served by a transfer of venue. *See* 28 U.S.C. §§ 1404(a), 1406(a).

### III. RECOMMENDATION

Based on the foregoing, it is recommended that this action be transferred to the United States District Court for the Middle District of North Carolina for further handling.[1]

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

July 17, 2024
Charleston, South Carolina

---

[1] Because the Court has raised the issue of transfer of venue *sua sponte*, this Report allows Plaintiff the opportunity to be heard before a final decision on transfer is rendered. *See Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir.1986); *see also Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.*, 784 F. Supp. 306, 321 (D.S.C.1992); *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999). Plaintiff's opportunity to file timely objections to the Report is considered to be Plaintiff's opportunity to be heard under *Feller* before a final decision on transfer is rendered.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. \0 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).